891 F.2d 286
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luther Robert BROWN, Plaintiff-Appellant,
v.
Diane Mcq. STRICKLAND, Judge; General District Court for
the Twenty-Third Judicial Circuit, Defendants-Appellees.
 No. 89-2729.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 16, 1989.
Decided: Nov. 16, 1989.
 
 Luther Robert Brown, Jr., appellant pro se.
 Barbara J. Gaden (Office of the Attorney General of Virginia), for appellees.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Luther R. Brown, Jr., filed this action against Judge Diane Strickland and the General District Court for the Twenty-Third Judicial District of Virginia contesting Judge Strickland's actions during her tenure in the General District Court[1] in a civil action in which Brown was the defendant.[2] The relief he sought included a declaration that the state court order was void and an injunction to prevent Judge Strickland from hearing any future cases to which he was a party. The district court dismissed Brown's action and entered a pre-filing review order as a sanction against him. Brown appealed.
 
 
 2
 The district court dismissed the action on immunity grounds. While we agree with Brown that judges are not immune from actions for injunctive or declaratory relief, Pulliam v. Allen, 466 U.S. 522 (1984), we affirm on other grounds. First, to the extent that Brown challenges the validity of the state court judgment, the district court did not have jurisdiction to review that judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1963). Further, the district court could not have enjoined Judge Strickland from hearing any of Brown's future actions because he was not in "any real and immediate danger" of sustaining some direct injury as a result of the possibility that Judge Strickland might, at some future time, hear some case to which he was a party and be biased against him. City of Los Angeles v. Lyons, 461 U.S. 95 (1983); see also Rizzo v. Goode, 423 U.S. 362, 378 (1976). Therefore, we affirm the dismissal of the action.
 
 
 3
 The pre-filing review order entered by the district court provided:
 
 
 4
 (a) Brown, or anyone acting on his behalf, is hereby ENJOINED from filing any action in any federal court in the United States against a judge or court of the United States or of any state or commonwealth of the United States;
 
 
 5
 (b) Brown, or anyone acting on his behalf, is hereby ENJOINED from filing any new action or proceeding in any federal court wherein a violation of 42 U.S.C. § 1983 is alleged, without first obtaining leave of that court by way of the procedures specified herein for obtaining leave; and
 
 
 6
 (c) Brown, or anyone acting on his behalf, is hereby ENJOINED from filing any documents which are based on fabricated facts or frivolous legal theories or which are based on legal theories previously adjudicated adversely to Brown.
 
 
 7
 We agree with the district court that a pre-filing review order was appropriate because of Brown's history of vexatious litigation, lack of objective good faith belief in the actions he has filed, lack of representation by counsel, imposition of needless expense on adverse parties and the court, and the inadequacy of other sanctions. Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986), cert. denied, 479 U.S. 1099 (1987). However, parts (a) and (c) of the order are overbroad in that they completely deny Brown's right to access to the court in actions against judges and for possibly frivolous or previously litigated issues or theories. We vacate the district court's order as to parts (a) and (c) of the pre-filing review and remand for modification so as to allow the actions described in those sections to be filed if leave of court is obtained, as in section (b) of the order.
 
 
 8
 We deny Brown's motion for stay of the pre-filing review order pending appeal as moot. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 9
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
 
 
 
 [1]
 Judge Strickland is now a Virginia Circuit Court Judge
 
 
 [2]
 It appears from the record that Brown could have appealed Judge Strickland's adverse rulings but failed to do so because he did not believe another state court judge would reverse her rulings